IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEWAYNE HUGHES,
ADC #108733                                                                                    PLAINTIFF

v.                                                5:07CV00075WRW/HLJ

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

        Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325


## **DISPOSITION**

### I.  Introduction

        This matter is before the Court on the defendants' motion for summary judgment (DE #46).

Plaintiff has filed a response in opposition to the motion (DE #55).

        Plaintiff, a state inmate incarcerated at the Maximum Security  Unit of the Arkansas

Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants,

alleging deliberate indifference to his serious medical needs and denial of adequate medical care and

treatment for a hernia, beginning in January, 2006.   Plaintiff asks for monetary and injunctive relief

from defendants – Dr. Robert Scott, Dr. Larry Bowler, and Dr. Roland Anderson.

        According to the mostly undisputed facts and the affidavits provided by the parties (DE #48,

Exs. 3, 4), plaintiff was examined by Dr. Larry Bowler, a physician contracted with Correctional

Medical Services, Inc. (CMS), on January 3, 2006, and was diagnosed with a left inguinal hernia.

Noting a mild discomfort with palpitation but no gastrointestinal symptoms, he completed a consult

2

request for Dr. Robert Scott, a surgeon, to evaluate plaintiff.  Plaintiff was evaluated by Dr. Scott on February 15, 2006, at which time he recommended watchful waiting, a six-month follow-up appointment, and a truss.  Dr. Bowler again saw plaintiff on June 12, 2006, at which time plaintiff was granted his request for a bottom tier script due to discomfort caused by climbing stairs.

Due to a mistake by Dr. Bowler in failing to properly note plaintiff's chart, plaintiff's six-month follow-up visit with Dr. Scott did not take place until December 19, 2006.  At that time, Dr. Scott noted no change in plaintiff's hernia since February, 2006 and that plaintiff's condition did not meet a risk/benefit threshold for surgery.  Both physicians stated in their affidavits that they do not recall plaintiff ever asking them for pain medication, and that the medical care and treatment provided to plaintiff was appropriate and satisfactory for his complaints.  In his deposition, while plaintiff stated he did request pain medication on occasions, he admitted he did not request such from any of the defendants.  DE #48, Ex. 2.  According to the affidavit of Tim Mullins, the Health Services Administrator for CMS at the Unit, plaintiff did not file a request for interview to the infirmary regarding pain medication, and did not submit a sick call slip requesting pain medication (DE #48, Ex. 5).

## II.  Summary Judgment

### A.  Defendants' Motion

In their motion for summary judgment, defendants state plaintiff can not support his claim for deliberate indifference against them, because plaintiff was treated on several occasions for his hernia and because the medical evidence does not support a finding that the condition worsened or that plaintiff suffered any injury as a result of the alleged inactions of the defendants.  In addition, plaintiff provides no evidence defendants were responsible for denying him pain medications, and

admits his requests for such were not made to the defendants.  Defendants also state plaintiff can not provide medical evidence which supports a finding of injury due to the delay in his second appointment with defendant Scott.  Finally, defendants state surgery was not recommended by any examining physicians, and plaintiff's disagreement with such does not support a constitutional claim.  With respect to defendant Anderson, plaintiff does not allege that he was examined by this defendant and stated in his deposition that he sued him because he hired defendants Scott and Bowler.  Defendant Anderson states plaintiff's allegations against him should be dismissed because respondeat superior is not actionable under 42 U.S.C. § 1983.

B.  Plaintiff's Response

In response, plaintiff states that genuine issues of fact remain concerning the level of treatment provided to him by defendants and he was not provided adequate medical care for the suffering due to his hernia.  Plaintiff alleges he suffered "tremendous" pain as a result of the inadequate treatment.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set

forth specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove defendants were deliberately indifferent to a serious medical need.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  <u>Estelle v. Gamble</u>, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995).  <u>See</u> <u>also</u> <u>Smith v. Marcantonio</u>, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  <u>Long v. Nix</u>, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a

question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

In this case, the medical records show plaintiff was treated on numerous occasions for his hernia, and that his condition did not change between the February 2006 and December 2006 visits. Plaintiff admitted he did not request pain medication from the defendants, and plaintiff's medical records do not indicate any such requests were made. In addition, plaintiff provides no evidence to support a finding that his condition worsened during the time he was supposed to see Dr. Scott a second time (September, 2006) and when he finally did see him in December, 2006. Finally, plaintiff's complaint concerning a denial of surgery for his hernia constitutes a disagreement over his course of treatment, which is not an actionable claim against defendants. Plaintiff provides no evidence that any of the three defendants' actions constituted a reckless disregard for his health and safety. In each of their respective affidavits, defendants note the times they were involved with treating plaintiff or responding to his complaints, and state they did not act with deliberate indifference to his medical needs. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #46) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 20th day of June, 2008.

_____
United States Magistrate Judge